UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP C.H. PENG,<br><br>              Plaintiff,<br><br>    v.<br><br>SOUTH PASEDENA POLICE DEPARTMENT,<br><br>              Defendant. | Case No. 2:16-cv-01700-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

This matter is before the court on Plaintiff Philip C.H. Peng's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**I.   IN FORMA PAUPERIS APPLICATION**

Mr. Peng is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

/ / /

1

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 339 (1948)). However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). As such, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Mr. Peng erroneously submitted an IFP application on a form supplied by the Clark County Civil Resource Center for the Nevada state courts, not the application approved for use in the United States District Courts. Although there are some overlapping requirements, the affidavit and financial information required in the state court form differs from the forms used by this court. The court would typically direct the Clerk of the Court to mail plaintiff a blank copy of the correct form to give him an opportunity to cure the deficiencies. However, having reviewed his complaint, the court will recommend denial of his IFP application based on a lack of subject matter jurisdiction over his claim. A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *See also Gibbons v. Ferguson*, 599 F. App'x 786, 787 (9th Cir. 2015) (affirming the district court's dismissal of complaint and denial of IFP application where it lacked subject matter jurisdiction over plaintiff's claims because he failed to show that he exhausted his administrative remedies before filing the action); *McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014) (affirming the district court's dismissal of complaint and denial of IFP application where it lacked subject matter jurisdiction over plaintiff's

claims because he failed to show a complete diversity of citizenship) (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." (citation and internal quotation marks omitted)).

## II.   SCREENING THE COMPLAINT

Federal courts must screen all IFP complaints prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Peng's Factual Allegations and Claims for Relief

Mr. Peng has submitted two proposed complaints (ECF Nos. 1-1, 1-3). The first complaint consists of one typewritten page naming the South Pasadena Police Department (the "Police Department") as a defendant. Compl. (ECF No. 1-1). Peng states that he previously filed a complaint against the Police Department in the superior court in Pasadena, California. He appeared before a judge on his request to have his adult arrest record sealed and destroyed. The request was denied and Peng asserts that the denial caused him a great deal of harm.

In the second complaint, which is written on the court's form for civil rights complaints, Mr. Peng alleges that he has never obtained background check clearance in 17 years and this is extremely harmful to his livelihood. Compl. (ECF No. 1-3) at 3. He asserts that this case has a civil rights issue. *Id*. at 5. Employment for minorities has always been a problem, and "we Chinese don't have a chance." *Id*. He alleges that he filed a formal complaint about not being hired for a

building inspection position with the City of Montebello, including several appeals. *Id*. at 6–7. Peng's request for relief asks that: (1) his adult arrest record be sealed and destroyed, and (2) he be compensated for his stress, loss of time, and financial insecurity having gone through so many unemployment ordeals. *Id*. at 9.

For the reasons discussed below, the court finds that the complaint fails to state a proper jurisdictional basis, and it is clear that the deficiencies cannot be cured by amendment. The court, therefore, recommends that the complaint be dismissed.

**B. Jurisdictional Defects**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Personal jurisdiction is based on principles of individual liberty and it represents a restriction on judicial power. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, the complaint fails to demonstrate that the South Pasadena Police Department is subject to personal jurisdiction in Nevada. As the name suggests, the South Pasadena Police

1  Department is located in South Pasadena, California.  Mr. Peng acknowledges that he previously
2  filed a complaint against the Police Department in the superior court in Pasadena, California.  The
3  complaint alleges no facts to establish that the Police Department's conduct and connections with
4  Nevada are such that they would anticipate being sued in Nevada.  Thus, Peng has not established
5  that this court has personal jurisdiction over defendant.

6  Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff
7  brings.  There are two kinds of subject matter jurisdiction: (a) federal question, giving the district
8  court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties
9  of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court
10 original jurisdiction over all civil actions between citizens of different states where the matter in
11 controversy exceeds $75,000, 28 U.S.C. § 1332.  A district court may raise the issue of subject
12 matter jurisdiction on its own accord and must dismiss a case if no subject matter jurisdiction
13 exists.  Fed. R. Civ. P. 12(h).  Dismissal for lack of subject matter jurisdiction is appropriate if the
14 complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish
15 subject matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
16 546 F.3d 981, 984–85 (9th Cir. 2008).

17 Here, Mr. Peng has not pled a basis for this court to exercise federal jurisdiction.  He does
18 not identify any federal or state statute that would authorize this court to provide the relief he
19 requests.  On the contrary, California law requires individuals seeking expungement of a criminal
20 record to file a petition in the superior court for the county where they were convicted.  *See* Cal.
21 Penal Code §§ 1203.4, 1170; *see also People v. Parker*, 158 Cal. Rptr. 3d 481, 482 (2013) (quoting
22 *In re Griffin*, 67 Cal.2d 343, 347 n.3, 431 P.2d 625 (1967)) ("On application of a defendant who
23 meets the requirements of section 1203.4, *the trial court not only can but must* proceed in accord
24 with that statute.") (emphasis added).  Therefore, this court lacks jurisdiction to consider Peng's
25 request or grant the relief he seeks, and he has failed to meet his burden to of showing a basis for
26 subject matter jurisdiction.  Because it is clear from the face of the complaints that Peng could not
27 cure these deficiencies by amendment, the undersigned recommends that this case be dismissed.
28 For the reasons explained,

**IT IS RECOMMENDED** that:

1. Plaintiff Philip C.H. Peng's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. The Complaints (ECF Nos. 1-1, 1-3) be **DISSMISSED without prejudice**.
3. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 15th day of March, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

# NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.