UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILIP CH. PENG,<br><br>         Plaintiff(s),<br><br>  v.<br><br>SOUTH PASADENA POLICE DEPARTMENT,<br><br>         Defendant(s). | Case No. 2:16-CV-1700 JCM (PAL)<br><br>ORDER |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R") (ECF No. 2), to which *pro se* plaintiff Philip C.J. Peng objected (ECF No. 3).

**I. Background**

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant South Pasadena Police Department (the "SPPD") (ECF Nos. 1-1, 1-3), as well as an application to proceed *in forma pauperis* (ECF No. 1).[1]

Plaintiff alleges that his livelihood has been extremely harmed by his inability to obtain background check clearance from the SPPD for the past seventeen years. (ECF No. 1-3 at 3). Plaintiff asserts that he filed a complaint in California state court requesting to seal and destroy his adult arrest record. (ECF No. 1-1). For relief, plaintiff asserts that he is entitled to have his adult arrest record sealed and destroyed and that he should be compensated for his stress, time loss, and financial insecurity. (ECF No. 1-3 at 9).

---

[1] For the purposes of this order, the court construes ECF Nos. 1-1 and 1-2 together as one complaint.

**James C. Mahan**
**U.S. District Judge**

In the R&R, the magistrate judge recommends that plaintiff's application to proceed *in forma pauperis* be denied and that plaintiff's complaint be dismissed without prejudice for lack of jurisdiction. (ECF No. 2).

Plaintiff does not make a specific objection to the magistrate judge's findings or recommendation, but argues that he is in a dire situation because he has had $32,000.00 stolen from him. (ECF No. 3). Plaintiff also suggests that the court review his book regarding "America's [] long history of discriminating Chinese." (ECF No. 3).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

As an initial matter, the court acknowledges that plaintiff's complaint and objection were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). *Pro se* pleadings must be liberally construed, especially where civil rights claims are involved. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Although we construe

**James C. Mahan**
**U.S. District Judge**

- 2 -

pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Liberally construing plaintiff's complaint, plaintiff alleges the following: employment for minorities is a problem; "we Chinese don't have a chance[;]" his adult arrest record has been expunged; he has sought various positions of employment for the past seventeen years, none of which has been successful because the SPPD refused to provide his background; he recently applied to be a foster parent with Nevada Children and Family Services, but was unsuccessful because it requires a background check; his damages include stress, time loss, and financial insecurity; and he is entitled to have his adult arrest record sealed and destroyed. (ECF Nos. 1-1, 1-2, 1-3).

In screening the complaint, the magistrate judge found that plaintiff failed to sufficiently plead subject matter jurisdiction and personal jurisdiction. (ECF No. 2). More specifically, the magistrate judge found that plaintiff failed to identify any federal or state statute that would authorize the court to provide the relief sought. (ECF No. 2 at 5). The magistrate judge further found that plaintiff failed to demonstrate that the SPPD is subject to personal jurisdiction in Nevada. (ECF No. 2 at 4–5).

Concluding that these deficiencies could not be cured by amendment, the magistrate judge recommends dismissal of plaintiff's complaint without prejudice. (ECF No. 2). Further, the magistrate judge recommends denial of plaintiff's application to proceed *in forma pauperis* because plaintiff erroneously submitted an *in forma pauperis* application form for Nevada state courts, not the form for United States District Courts. (ECF No. 2).

While plaintiff's *pro se* complaint must be liberally construed, the court has discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must

exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Here, the court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983. Plaintiff filled out the court's form for civil rights complaints pursuant to § 1983. While plaintiff failed to identify a statute that would authorize the court to order the SPPD to seal and destroy plaintiff's adult arrest record, the court is authorized to grant plaintiff relief under § 1983 for injuries arising from a constitutional violation committed under color of law. *See* 42 U.S.C. § 1983; *Long v. Cnty. of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006). Thus, the magistrate judge erred in finding that the court lacks subject matter jurisdiction.

The court does however agree with the magistrate judge's finding that the complaint fails to sufficiently allege a *prima facie* case of personal jurisdiction over the SPPD. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–415 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially at home in that forum. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

Upon review, plaintiff's complaint contains no facts from which the court could infer that personal jurisdiction (general or specific) exists over the SPPD. The complaint fails to set forth any allegations that the SPPD is based in, has contact with, or in any other manner availed itself of the state of Nevada. Further, even assuming, *arguendo*, that plaintiff stated a plausible claim for relief against the SPPD, plaintiff could not pursue the action in a forum in which jurisdiction is improper. Plaintiff alleges that he attempted to commence an action in California courts. That he was unsuccessful, however, does not entitle plaintiff to seek relief from the District of Nevada.

## IV. Conclusion

In light of the aforementioned and upon consideration of the underlying briefs, the court finds good cause to adopt the magistrate judge's findings in part as to the lack of personal jurisdiction. Accordingly, the court will deny, without prejudice, plaintiff's application to proceed *in forma pauperis* (ECF No. 1) for failure to submit the proper form and dismiss plaintiff's complaint (ECF Nos. 1-1, 1-3), without prejudice and without leave to amend, for lack of personal jurisdiction.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's R&R (ECF No. 2) be, and the same hereby is, ADOPTED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED April 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**